**ABRAMS AND PARISI, INC., Plaintiff,**

**v.**

**Phil M. CANALE, District Attorney General, J. Clyde Mason, B. T. Wallace, H. R. Hodges, W. B. Smith and G. K. Davis, Individually and as Officers of the Police Department of the City of Memphis, Defendants.**

Civ. A. No. C–68–344.

United States District Court,
W. D. Tennessee, W. D.

Jan. 16, 1969.

William F. Kirsch, Jr., and Michael F. Pleasants, of Heiskell, Donelson, Adams, Williams & Wall, Memphis, Tenn., for plaintiff.

Eugene C. Gaerig and Clyde Mason, Asst. Attys. Gen., Memphis, Tenn., and Arthur Shea, Jr., Asst. City Atty., Memphis, Tenn., for defendants.

## OPINION ON MOTION FOR TEMPORARY RESTRAINING ORDER

BAILEY BROWN, Chief Judge.

Plaintiff, Abrams and Parisi, Inc., a New York corporation, filed a sworn complaint against Phil M. Canale and J. Clyde Mason who are, respectively, district attorney general and assistant district attorney general of the Fifteenth Judicial District of Tennessee comprising Shelby County and four police officers of Memphis, Tennessee, all of whom are citizens of Tennessee. The complaint alleges that jurisdiction is invoked under 28 U.S.C. §§ 1331, 1332, 1343(3) (4) and 42 U.S.C. § 1983 and that the amount involved exceeds $10,000 exclusive of interest and costs.

The complaint further alleges in substance as follows:

Plaintiff is the owner of a motion picture film known as "How To Do Almost Anything With Girls"; that plaintiff booked this film with Airways Theatre in Memphis to be shown for the period November 29 through December 5, 1968; that the exhibitor advertised the film as being recommended for those over 17 years of age and permitted no person to attend who was under 18 years of age; that on December 3, 1968, the manager and projectionist of the theatre were arrested and the film was seized by defendant police officers; that defendant Mason, with the approval of defendant Canale, directed that the film be seized; that the film was not obscene; that no adversary hearing was held prior to the seizure of the film to determine its obscenity; that defendants Canale and Mason have followed a practice of causing the seizure of films on the basis of alleged obscenity without a prior adversary hearing although they have been many times advised by counsel for arrested persons that the arrests and seizures were, without a prior adversary hearing, in violation of the First and Fourteenth Amendments of the federal Constitution; that plaintiff has requested a return of the film which has been refused; that the seizure and holding of the film will cause economic harm to plaintiff and will deprive the public of its right to view the film and plaintiff of its right to have the film exhibited; and that defendants caused the arrests and seizure of the film or made the arrests and seizure of the film for the purpose of injuring the business and reputation of the theatre.

Plaintiff seeks, by injunction, the return of the film and prohibition against interfering with the exhibiting of the film, a declaration that the film is not obscene, and money damages.*

Plaintiff also filed a motion for a temporary restraining order, alleging that defendants proposed to show the seized film to members of the City Council, County Commission, County Court, State Legislature and to newspaper editors and, according to a newspaper article, to a "few influential people who can get things done"; that this is not to be done for the purpose of obtaining witnesses and that in any event such evidence would not be admissible in a later criminal proceeding; and that such showing of the seized film would violate plaintiff's First and Fourteenth Amendment rights. It seeks, by this motion, only an order restraining such showing of the film and restraining application to the Criminal Court of Shelby County for permission to show the film.

This court refused to issue such a restraining order ex parte, set the matter for hearing, and the hearing was held on January 3, 1969. Both sides have filed memoranda in support of their positions.

At the hearing, no evidence was tendered by either side. Plaintiff relied on the sworn complaint as well as the motion and the affidavit and exhibit supporting the motion. Defendants simply

---

\* At the same time the manager of the Airways Theatre also filed an action in this court, alleging substantially the same facts, and seeking the return of the film, suppression of the film as evidence, the dismissal of the criminal charge, and money damages.

contended that, on this record before the court, as a matter of law the court should not issue such a temporary restraining order or injunction. Counsel for defendants conceded that there was no adversary hearing prior to the arrests and the seizure of the film. Plaintiff's counsel conceded for purposes of the hearing that, as was stated by counsel for defendants, the film had been viewed by defendant Mason who determined that it was obscene, that at his request it was then viewed by a City Judge and some citizens who made the same determination, and that then, on affidavit of one of such citizens, the Judge issued arrest and search and seizure warrants which were thereupon executed by the police officers. Moreover, defendants' counsel conceded that no such adversary hearing had since been held and, it appeared, none will be held until the criminal trial of the theatre manager and projectionist who, it further appeared, had been indicted.

The narrow question now presented is, then, whether plaintiff is entitled to a temporary restraining order or injunction prohibiting the showing of the film and prohibiting the application to the Criminal Court for permission to show the film.

As stated, it is the contention of plaintiff that the seizure of the film was illegal because there was no prior adversary hearing to determine whether it was obscene. It is the contention of defendants that the seizure and holding of the film were and are legal without a prior adversary hearing, even though there will be no such hearing until the criminal trial, and further that, in any event, a restraining order or injunction should not be issued because such would amount to an injunction against the criminal prosecution and because a showing of irreparable injury is necessary and such has not been shown.

I

■ In support of its contention that a prior adversary hearing is constitutionally necessary, under the First and Fourteenth Amendments, before a film is actually seized, plaintiff primarily relies on A Quantity of Copies of Books v. Kansas, 378 U.S. 205, 84 S.Ct. 1723, 12 L.Ed.2d 809 (1964). The "opinion of the court," by Justice Brennan, it appears to us, clearly so holds.

Defendants contend, however, without conceding that *Books* does so hold, that since only four justices concurred in this opinion, it is not binding on this court. With respect to this contention, we can only say that more recent opinions by the Supreme Court and other courts have treated this "opinion of the court" as establishing the law on this point. Freedman v. Maryland, 380 U.S. 51, 58, 85 S.Ct. 734, 13 L.Ed.2d 649, 654 (1965); Metzger v. Pearcy, 393 F.2d 202 (7th Cir. 1968); United States v. 18 Packages of Magazines, 238 F.Supp. 846 (N.D.Calif.1964); Cambist Films, Inc. v. Illinois, 292 F.Supp. 185 (N.D.Ill., decided October 21, 1968).

Defendants also contend that *Books* does not hold that a prior adversary hearing is necessary before seizure of a film, and in support of this contention they point to cases of a more recent date which, they contend, hold that such is not necessary. They cite, for example: United States v. 56 Cartons, 253 F.Supp. 498 (D.Md.1966), aff'd 373 F.2d 635 (4th Cir. 1967), but this case was reversed in 389 U.S. 47, 88 S.Ct. 233, 19 L.Ed.2d 46 (1967); United States v. 392 Copies, 253 F.Supp. 485 (D.Md.1966), aff'd 373 F.2d 633 (4th Cir. 1967), but this case was reversed in 389 U.S. 50, 88 S.Ct. 235, 19 L.Ed.2d 49 (1967); People v. Campise, 242 Cal.App.2d Supp. 905, 51 Cal.Rptr. 815 (1966), but this case was overruled by the Supreme Court of California in Flack v. Municipal Court, 66 Cal.2d 981, 59 Cal.Rptr. 872, 429 P.2d 192, 199 (1967).

Defendants also rely on Robert Arthur Management Corp. v. Tennessee, 220 Tenn. 101, 414 S.W.2d 638 (1967). This case does hold that the provision in T.C.A. § 39–3005 which allows a temporary injunction before an adversary hearing does not violate the First and

Fourteenth Amendments of the federal Constitution, since, the Tennessee court determined, this statute meets all of the requirements for constitutionality set out in Freedman v. Maryland, *supra*. This decision, however, was reversed in 389 U.S. 578, 88 S.Ct. 691, 19 L.Ed.2d 777 (1968). It is not clear, from this brief per curiam opinion, whether the reversal was on the ground of the unconstitutionality of the Tennessee statute or on the ground that the involved film, held to be obscene by the Tennessee court, was not obscene, or both. We suspect that the reversal was on the ground that the film was not obscene, for it appears to us, as the Tennessee court held, that the involved Tennessee statute clearly meets the requirements of Freedman v. Maryland, *supra*. Even so, this decision by the Tennessee court deals, as stated, with the constitutionality of a Tennessee statute providing for civil injunctive relief, not with a criminal process involving a seizure of the film before any adversary hearing. Further, even if it is true that in a criminal proceeding involving seizure a procedure similar to that prescribed in the Tennessee statute would pass muster, here we have a seizure of a film in a criminal proceeding with no provision for an early adversary hearing and indeed no adversary hearing until the criminal trial.

█ We therefore conclude that, on the present record, the film is being illegally held and that therefore plaintiff is entitled to have it returned. This being so, defendants are obviously not entitled to show this film as they contemplate.

## II

As stated, it is the further contention of defendants that, even if the film is being illegally held, plaintiff is not entitled to the injunctive relief sought by the instant motion because such injunction would amount to an injunction against the criminal prosecution (28 U.S.C. § 2283) and because irreparable injury must be and is not shown.

. █ It is our view that an order requiring a return of the film would not amount to an injunction against the criminal prosecution (Metzger v. Pearcy, 393 F.2d 202 (7th Cir. 1968)), and, therefore, certainly an order prohibiting the showing of, or the application for permission to show, the film likewise would not amount to an injunction against the criminal prosecution. By so stating, we do not mean to indicate that, under the circumstances shown by the present record, such an order might not be proper even if it did amount to an injunction against the criminal prosecution. Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965); Zwickler v. Koota, 389 U.S. 241, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967); Cameron v. Johnson, 381 U.S. 741, 85 S.Ct. 1751, 14 L.Ed.2d 715, 718 (1965).

Further, as we read Potwora v. Dillon, 386 F.2d 74 (2nd Cir. 1967), it holds that, under the circumstances shown in this record, there is such "irreparable injury" as satisfies such requirement. Moreover, defendants do not appear to contend that plaintiff's instant motion must fail because it has an adequate remedy at law in the state courts, and indeed they have suggested no such remedy. In any event, *Potwora* is authority for the proposition that any remedy plaintiff might have there would not, for present purposes, be adequate.

We therefore conclude that plaintiff is entitled to the relief sought in the instant motion.

Counsel will prepare an order for entry.