## LEE ART THEATRE, INC. *v.* VIRGINIA.

No. 997. Decided June 17, 1968.

*Plato Cacheris* for petitioner.

*James B. Wilkinson* for respondent.

PER CURIAM.

The petition for a writ of certiorari is granted. Petitioner, operator of a motion picture theatre in Richmond, Virginia, was convicted in the Hustings Court of Richmond of possessing and exhibiting lewd and obscene motion pictures in violation of Title 18.1–228 of the Code of Virginia. The Supreme Court of Appeals of Virginia refused a writ of error.

The films in question were admitted in evidence over objection that they had been unconstitutionally seized. The seizure was under the authority of a warrant issued by a justice of the peace on the basis of an affidavit of a police officer which stated only the titles of the motion pictures and that the officer had determined from personal observation of them and of the billboard in front of the theatre that the films were obscene.

The admission of the films in evidence requires reversal of petitioner's conviction. A seizure of allegedly obscene books on the authority of a warrant "issued on the strength of the conclusory assertions of a single police officer, without any scrutiny by the judge of any materials considered . . . obscene," was held to be an unconstitutional seizure in *Marcus v. Search Warrant*, 367 U. S. 717, 731–732. It is true that a judge may read a copy of a book in courtroom or chambers but not as easily arrange to see a motion picture there. However, we need not decide in this case whether the justice of the peace should have viewed the motion picture before issuing the warrant. The procedure under which the warrant issued solely upon the conclusory assertions of the police officer without any inquiry by the justice of the peace into the factual basis for the officer's conclusions was not a procedure "designed to focus searchingly on the question of obscenity," *id.*, at 732, and therefore fell short of constitutional requirements demanding necessary sensitivity to freedom of expression. See *Freedman v. Maryland*, 380 U. S. 51, 58–59.

The judgment of the Supreme Court of Appeals of Virginia is reversed and the case is remanded for further proceedings not inconsistent with this opinion.

*It is so ordered.*

MR. JUSTICE BLACK, MR. JUSTICE DOUGLAS, and MR. JUSTICE STEWART base their concurrence in the judgment of reversal upon *Redrup v. New York*, 386 U. S. 767.

MR. JUSTICE HARLAN, dissenting.

A police officer filed a sworn affidavit that he had personally witnessed the commission of a crime, to wit, the possession and exhibition of obscene motion pictures. He was granted a warrant to seize the pictures, and did so.

In *Marcus* v. *Search Warrant*, 367 U. S. 717, officers were given a general warrant to seize obscene materials, pursuant to which they selected and seized 11,000 copies of 280 publications most of which were later found non-obscene. With barely a nod to the difference between 11,000 books and magazines selected for seizure by the officers themselves after a warrant had been issued and two obscene movies named in the affidavit, the Court reverses the present conviction on the authority of *Marcus*.

I think that *Marcus* was correctly decided, but I cannot discern its application here. Police officers may not be given *carte blanche* to seize, but they may certainly seize a specifically named item on probable cause, before the work "taken as a whole" has been adjudicated obscene. Any other rule would make adjudication not merely "not as easily arrange[d]" in the case of movies but quite impossible. If the Court means only that the officer should not merely say that he has seen a movie and considers it obscene, but should offer something in the way of a box score of what transpires therein, I consider it absurd to think that a magistrate, armed with the luminous guidance this Court has afforded, will be thus able to make a better judgment of probable obscenity.

Since the petitioner does not contend that the movies in question here were not obscene, I find it unnecessary to reach the point relied on by my Brothers BLACK, DOUGLAS, and STEWART.