UNITED STATES of America, Plaintiff,

v.

FOUR (4) BOOKS, Defendant.

Civ. No. 66–1647.

United States District Court
C. D. California.

Sept. 10, 1968.

Wm. Matthew Byrne, Jr., U. S. Atty., Larry L. Dier, Asst. U. S. Atty., Los Angeles, Cal., for the United States.

## MEMORANDUM OPINION

HALL, District Judge.

"Vice is a monster of so vile a mien,
As, to be hated, needs but to be seen;
Yet seen too oft, familiar with her face,
We first endure, then pity, then embrace." [1]

The verity of the above quotation is brought home not only by the continually increasing number of periodicals, paperbacks and other printed material glorifying things which most people regard as indecent or obscene, which flood newsstands and bookracks, but also, to anyone who has read them, by the recent journeys of the Supreme Court of the United States on the question of "obscenity" from Kingsley Books v. Brown (1957), 354 U.S. 436, 77 S.Ct. 1325, 1 L.Ed.2d 1469 via Roth v. United States and Alberts v. State of California (1957), 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 through *Fannie Hill* (1966), 383 U.S. 413, 86 S.Ct. 975, 16 L.Ed.2d 1, Ginzburg v. United States (1966), 383 U.S. 463, 86 S.Ct. 942, 16 L.Ed.2d 31 and Mishkin v. State of New York (1966), 383 U.S. 502, 86 S.Ct. 958, 16 L.Ed.2d 56 (three cases decided the same day with *fourteen different opinions,*[2] and Redrup v. State of New York (1967), 386 U.S. 767, 87 S. Ct. 1414, 18 L.Ed.2d 515 to Ginsberg v. State of New York (1968), 390 U.S. 629, 88 S.Ct. 1274, 20 L.Ed.2d 195 and Lee Art Theatres, Inc. v. Virginia (6-17-68), 392 U.S. 636, 88 S.Ct. 2103, 20 L.Ed.2d 1313. They condemn "hard-core pornography" without trying to define it (Stewart, J., dissenting, Ginzburg v. United States, 383 U.S. 463, 86 S.Ct. 942, 16 L.Ed.2d 31), and seem to come up with a definition of obscenity as follows:

(A book named "John Cleland's Memoirs of a Woman of Pleasure" v. Attorney General of Mass. (1966), 383 U.S. 413, at page 418, 86 S.Ct. 975, at page 977, 16 L.Ed.2d 1)

"[3] We defined obscenity in *Roth* in the following terms: '[W]hether to the average persons, applying contemporary community standards, the dominant theme of the material taken as a whole appeals to prurient interest.' 354 U.S., at 489, [77 S.Ct., at 1311, 1 L.Ed.2d] at 1509. Under this definition, as elaborated in subsequent cases, three elements must coalesce: it must be established that (a) the dominant theme of the material taken as a whole appeals to a prurient interest in sex; (b) the material is patently offensive because it affronts contemporary community standards relating to the description or representation of sexual matters; and (c) the material is utterly without redeeming social value."

The Supreme Court has said that a legislative purpose is "expressed by the *ordinary meaning* of the words used," Richards v. United States (1962), 369 U.S. 1, at p. 9, 82 S.Ct. 585, at p. 591, 7 L.Ed.2d 492, and in *Roth* it said (354 U.S. p. 491, 77 S.Ct. p. 1312) statutes should contain "*reasonably ascertainable* standards of guilt," and (p. 492, 77 S.Ct. p. 1313) that a statute cannot "fail to give men in acting *adequate notice* of what is prohibited," and (p. 491, 77 S.Ct. p. 1312) that the language of the statute must convey "sufficiently definite warning as to the proscribed conduct when measured by *common understanding* and practices * * *." (Italics supplied.)

I confess that I have difficulty reconciling the last above quotations with the

---

1. From Alexander Pope's "Essay on Man."

2. *Fannie Hill,* 5 opinions; *Ginzburg,* 5 opinions; *Mishkin,* 4 opinions.

definition the Supreme Court gives to obscenity.

In the first place "prurient" is derived from the lexicon of medicine. "Prurigo" and "pruritus" describe diseases.[3] In the second place, "contemporary community standards," would ordinarily be determined by the trier of the fact, judge or jury, but the Supreme Court has overturned findings by both. In the third place, the phrase *"utterly* without redeeming social value," if used in an act of Congress to describe a crime, would be stricken down as indefinite and uncertain. Lastly, what is meant by coalesce, as used? If those words and phrases come within the "common understanding," of average persons, I have not yet met such persons; if they give "adequate notice" of the proscribed conduct to any person or persons, I have not yet found that person.[4]

The fact that the Court handed down fourteen different opinions in three cases on the same day (March 21, 1966) concerning obscenity, would indicate that clarity of understanding of the Court's definition of obscenity is not exclusively perplexing to me.

It is not without significance, in attempting to discern a standard by which judges and juries can be guided, from the definition promulgated by the Supreme Court, that Congress recently ignored it entirely in passing the Act of May 3, 1968, 82 Stat. 112, making it an offense for anyone in the District of Columbia by means of telephone to make "any comment, request, suggestion or proposal which is *obscene, lewd, lascivious, filthy,* or *indecent."*

It is often said in defense of obscenities and filth that it is a fact of life which every adult knows about and thus should not be proscribed. Excretion is also a daily fact of life, but is that a reason for putting toilets in the middle of each living room? The propagators of the "obscene, lewd, lascivious, indecent, filthy and vile" would have us do just that in literature and pictures by visual and audible expressions and descriptions.

In any event, the four books which are the object of this forfeiture proceeding

3. The American Illustrated Medical Dictionary, 22 Ed.1951, p. 1229:

*"prurigo* (proo-ri'go) [L] A chronic skin disease marked by the development of small, pale papules and intense itching. The papules are deep seated, and the disease begins in childhood and lasts through life, being usually incurable. *p. aestiva'lis,* summer prurigo: a severe relapsing, bullous eruption, occurring in warm weather only. *p. a'gria,* an extremely severe form of prurigo. *Besnier's p.,* a form of prurigo associated with asthma, hay fever, and urticaria. *diathetic p.,* any prurigo which is so completely established as to constitute a diathesis. *p. fe'rox,* a form characterized by intense itching, large papules, and swollen lymph glands: an incurable and mainly congenital form. *Hebra's p.* true or typical prurigo. *Hutchinson's p.,* the prurigo of dentition. *p. mi'tis,* prurigo of a mild type. *p. nodula'ris,* a condition marked by the formation on the skin of multiple tumors, accompanied by intense itching. Called also *lichen obtusus corneus, tuberosis cutis pruriginosa* and *urticaria perstans ver-*

*rucosa. p. simplex,* a relatively mild form characterized by crops of papules having a tendency to cyclic recurrence. *p. universa'lis,* prurigo over the whole body.

*"pruritic* (proo-rit'ik). Pertaining to pruritus.

*"pruritus* (proo-ri'tus) [L. from pruri' re to itch]. Intense itching. It is a symptom of various skin diseases and may occur idiopathically as a neurosis. *p. a' ni,* intense itching at the anus. *bath p.,* bath itch. *Duhring's p.,* pruritus hiemalis. *essential p.,* pruritus not attributable to a skin disease. *p. hiema'lis,* winter itch: a skin disease peculiar to cold weather. It is unconnected with structural lesions. *p. seni'lis,* an itching in the aged, due to degeneration of the skin. *symptomatic p.,* itching which is symptomatic of some other general disease. *p. vul'vae,* intense itching of the external genitals of the female. See *kraurosis vulvae."*

4. In a criminal case, if matter is charged to be obscene under 18 U.S.C. § 1461, the court would probably have to give an instruction containing the Supreme Court's language.

under 18 U.S.C. § 1462 are obscene.[5] Textually they advocate incest between all members of a family regardless of age; they advocate homosexuality and Lesbianism; they advocate and depict every form of sexual intercourse, including oral copulation.

The plaintiff is entitled to a judgment and will prepare and submit it.

See also, D.C., 283 F.Supp. 194.

---

5.  18 U.S.C. § 1462 and 19 U.S.C. § 1305 condemn only obscene matters, while the Postal Statute, 18 U.S.C. § 1461, prohibits mailing "every obscene, lewd, lascivious, indecent, filthy or vile article, matter, thing, device, or substance."