**UNITED STATES of America,**
**Appellee,**

v.

**Edward Cabassa SANTIAGO, Defendant,**
**Appellant.**

**No. 7446.**

United States Court of Appeals,
First Circuit.

April 21, 1970.

---

See also D.C., 289 F.Supp. 893.

Jose G. Rolon Rivera, on brief, for appellant.

Larry E. Butcher, Atty., Dept. of Justice, with whom Blas Herrero, U. S. Atty., was on brief, for appellee.

Before ALDRICH, Chief Judge, COFFIN, Circuit Judge, and BOWNES, District Judge.

PER CURIAM.

The defendant was convicted under 18 U.S.C. § 1465 for transporting obscene material (stag movies, so-called) in commerce, to wit, from New York to Puerto Rico. The only question raised on this appeal relates to the seizure of the films, pursuant to a warrant, from his hand luggage as he debarked from the plane. Defendant makes a number of attacks upon the warrant. However, we need decide only whether there was made that particularly strong showing needed to justify a search for matter prima facie entitled to the special protection of the First Amendment. Joseph Burstyne, Inc. v. Wilson, 1952, 343 U.S. 495, 72 S. Ct. 777, 96 L.Ed. 1098.

The sole basis upon which the warrant was obtained, so far as this aspect is concerned, was an affidavit of an officer stating, with unimportant deletions, as follows. "I received information from a confidential source, who has furnished reliable information in the past, that * * * [defendant] was to make a trip to New York to obtain material of an obscene nature, to wit, 'Stag Films' * * * [and] would be contacting a Francisco Benitez, of New York City to obtain obscene material * * * and would be returning to Puerto Rico from New York with some of this said material." Elsewhere the "reliable source" described the anticipated content of defendant's hand luggage as "material of obscene nature, to wit, stag films which are illegal in Puerto Rico." No basis of any kind is given why or how the "reliable source" knew, by hearsay or otherwise, what he had reported, much less his qualifications for saying the films were obscene to the point of illegality. Even the informant's reputation for reliability may have been based on past experiences in a totally different field.

We need not appraise the sufficiency of this affidavit in terms of articles which are not mediums of expression. But cf. Aguilar v. Texas, 1964, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723. Nor, at the other end of the spectrum, need we consider sophisticated questions of adversary, pre-seizure hearings. But cf. Astro Cinema Corp., Inc. v. Mackell, 2 Cir., 2/24/70, 422 F.2d 293. The government case fails on ordinary First Amendment principles. On the facts above stated there was even a weaker guarantee of reliability than that in Marcus v. Search Warrants, 1961, 367 U.S. 717, 81 S.Ct. 1708, 6 L.Ed.2d 1127. There the Court pointed out, at p. 732, 81 S.Ct. p. 1716, the insufficiency of

"conclusory assertions of a single police officer." To the same effect, Lee Art Theatre, Inc. v. Virginia, 1968, 392 U.S. 636, 88 S.Ct. 2103, 20 L.Ed.2d 1313. Exactly pertinent is the language in United States v. Peisner, 4 Cir., 1962, 311 F.2d 94, where the court said, at p. 104, "Supposedly, the informant told the FBI that Peisner was planning to transport 'obscene' materials, but the informant was not produced as a witness to tell what information he had or how the information was acquired; nor did the FBI agents reveal, if they knew, how their informant acquired his information."

We share the regret of the *Peisner* court, expressed at p. 106. The defendant's guilt was plain. However, either the government officers lacked reasonable cause to conduct a search, or knowledge of the elementary fact that an application for a search warrant requires, at a minimum, apprising the magistrate issuing the warrant of such cause. In either event, constitutional requirements cannot be overlooked.

Reversed.