Jasen, J.
(dissenting). In early January, 1969, investigators from the Rochester Police Department and Monroe County District Attorney’s office purchased copies of five different magazines from defendants’ book store. These magazines were viewed by a Judge in the Rochester City Court, who issued an ex parte search warrant directing seizure of “ magazines and photographs depicting scenes of nude persons, both male and female, and which said scenes disclose and expose the female and male genital organs, the female and male pubic areas including the male penis and female breasts ”. Pursuant to this warrant, the police seized 126 separately titled magazines and calendars.
The present prosecution, pursuant to section 235.05 of the Penal Law, was based in part upon two magazines — Nude Circle and Photo Field Trip — which were not described by title in either the warrant or underlying affidavit. For this *166 reason alone, without, in my opinion, due consideration of the highly" specific language of the warrant, the majority would reverse and dismiss the remaining indictments.
I cannot concur in this determination. It is a fundamental tenet that the requirements of the Fourth Amendment are practical and not abstract. Thus, warrants should always be scrutinized with resort to common sense and recognition of everyday realities. (United States v. Ventresca, 380 U. S. 102, 108; People v. Glen, 30 N Y 2d 252, 262.)
Here, the judicial supervision necessary to seize obscene material was fully exercised. (People v. Heller, 29 N Y 2d 319.) The Judge viewed issues of magazines sold within the defendant’s book store. He issued a warrant which permitted the seizure of materials which, in his opinion, would be obscene. He left to the executing officers only the ministerial function of ferreting out that type of photograph which specifically “ disclose [d] and expose [d] the female and male genital organs, the female and male pubic areas including the male penis and female breasts ”. It is difficult to conceive of a more precise, more specific description of what, in the opinion of the Judge issuing the warrant, constituted obscene photographs. The reliance of the majority on People v. Rothenberg (20 N Y 2d 35) is clearly unwarranted when the specific language of the warrant presently at issue is compared to the highly general language used there — “ obscene, indecent and ‘ hard core pornographic ’ pictures, photographs and motion picture films ”.
It is of no moment that each of the 126 separately titled magazines and calendars were not designated in the warrant by name for, aside from the extreme impracticality of such a procedure, it blinks reality in this ease to argue that any delegation of judicial responsibility or authority took place.
I would affirm the orders of the Appellate Division.
Chief Judge Ftjld and Judges Breitel and Gibson concur with Judge Bergan ; Judge Burke concurs in the following memorandum: Unquestionably the publications are obscene, but upon constraint of the United States Supreme Court decisions in Lee Art Theatre v. Virginia (392 U. S. 636), A Quantity of Books v. Kansas (378 U. S. 205) and Marcus v. Search Warrant (367 U. S. 717) I concur for reversal; Judge Jasen dissents and *167 votes to affirm in a separate opinion in which Judge Scileppi concurs.
Orders reversed and the remaining counts of the indictment dismissed.