THE STATE OF OHIO *v.* MACKEN ET AL.

[Cite as State v. Macken (1973), 37 Ohio Misc. 9.]

(Nos. 381059-63, 381092-93, 381095-96, 381227-28—
Decided September 26, 1973.)

Akron Municipal Court.

*Mr. William R. Baird,* director of law, and *Mr. Charles Zindle,* for plaintiff.
*Mr. Howard M. Allison,* for defendant.

ROULHAC, J.   These cases have been consolidated for the court's determination as to whether or not a motion to suppress filed on behalf of all the defendants should be granted.

The defendants stand charged with exhibiting obscene material (motion pictures) in violation of Section 2905.35 of the Ohio Revised Code.

At the hearing, the following stipulations of facts were agreed to by counsel for the city of Akron, Mr. Charles Zindle and Mr. Howard M. Allison, counsel for defendants:

1. That all arrests were legal.

2. That all films were taken pursuant to the respective legal arrests.

3. That in neither case was there conducted a prior

judicial determination of the obscenity of any film prior to the arrest and seizure.

4. That in neither case was a search warrant issued.

5. That at no time was there a judge of any court in any theater to view any film seized.

6. That there has not yet been any determination by a court as to whether any film is in fact obscene.

7. That no exigent circumstance exists in either of these cases.

The dates of the alleged violations of the several defendants cover the period from February 2, 1971, through May 23, 1973.

The court has reviewed the briefs furnished by the respective counsel and has done some independent research.

Theater owners and operators all over the state have loudly complained to the courts that they have been subjected to bad faith civil and criminal prosecution in violation of their constitutional rights. See *Christine Enterprises* v. *Ballard*, U. S. District Court, Northern District of Ohio, Eastern Division, Case No. C73-193, and *Today's Bookstores* v. *Sensenbrenner*, U. S. District Court, Southern District of Ohio, Eastern Division, Civil Action No. 71121.

Does the fact situation, as described in the above stipulations one through seven, meet the standard of reasonableness as required under the Fourth and Fourteenth Amendments to the U. S. Constitution?

In *Heller* v. *New York* (June 25, 1973), 41 U. S. L. W. 5067, a movie theater manager, Heller, was convicted in a state court for exhibiting a sexually explicit film. After a police officer saw part of the film, an assistant district attorney requested a New York Criminal Court judge to view it. Upon seeing the entire film, the judge signed warrants for seizure of the film and for petitioner's arrest on the grounds that the film was obscene.

On appeal, petitioner argued among other things, that the seizure of the film without a prior adversary hearing violated the Fourteenth Amendment.

The court rejected this contention saying at pages 5069-70;

". . . If such a seizure is pursuant to a warrant, issued after a determination of probable cause by a neutral magistrate, and, following the seizure, a prompt judicial determination of the obscenity issue in an adversary proceeding is available at the request of any interested party, the seizure is constitutionally permissible. . . ."

Heller's conviction was vacated and the case remanded for other reasons.

Consider the stipulated fact situation herein in view of facts giving rise to the U. S. Supreme Court ruling in *Roaden* v. *Kentucky* (June 25, 1973), 41 U. S. L. W. 5070. A portion of the syllabus is as follows:

"A county sheriff viewed a sexually explicit film at a local drive-in theater. At the conclusion of the showing, he arrested petitioner, the theater manager, for exhibiting. an obscene film in violation of Kentucky law, and seized, without a warrant, one copy of the film for use as evidence. There was no prior judicial determination of obscenity. Petitioner's motion to suppress the film as evidence on the ground of illegal seizure was denied, and he was convicted. The Kentucky Court of Appeals affirmed, holding that the concededly obscene film was properly seized incident to a lawful arrest." (Roaden appealed to the U. S. Supreme Court.)

Each stipulated fact situation in the cases before this court, items 1, 2, 3, 4, 5, and 7 is identical with those in the *Roaden* case except petitioner Roaden conceded the film he was exhibiting was obscene, and in the local cases, obscenity is not conceded, nor has it been so determined.

Mr. Chief Justice Burger speaking for the majority of the court, indicated at page 5072:

". . . The question to be resolved is whether the seizure of the film without a warrant was unreasonable under Fourth Amendment standards and, if so, whether the film was therefore inadmissible at the trial. . . ."

At the same page, see the following:

"The Fourth Amendment proscription against 'un-reasonable . . . seizures' applicable to the states through the Fourteenth Amendment, must not be read in a vacuum.

. . . The seizure of instruments of a crime, such as a pistol or a knife or 'contraband or stolen goods or objects dangerous in themselves' . . . are to be distinguished from quantities of books and movie films when a court appraises the reasonableness of the seizure under Fourth or Fourteenth Amendment standards."

In the *Roaden* case, the U. S. Supreme Court considers and takes a dim view of the "conclusory opinion" of arresting officers as to whether films are obscene and are most suspicious of the warrants issued on the basis of said opinions. The court strongly indicates that when, prior to seizure, a magistrate is not afforded an opportunity to *"focus searchingly on the question of obscenity"* (emphasis added) the procedural due process of the defendant is violated. See *Marcus* v. *Search Warrants* (1961), 367 U. S. 717, *A Quantity of Copies of Books* v. *Kansas* (1964), 378 U. S. 205, and *Lee Art Theatre* v. *Virginia* (1968), 392 U. S. 636.

The U. S. Supreme Court considered these and other cases and comments, at page 5073:

". . . Seizing a film, then being exhibited to the general public, presents essentially the same restraint on expression as the seizure of all the books in a bookstore. Such precipitous action by a police officer, without the authority of a constitutionally sufficient warrant, is plainly a form of prior restraint and is, in those circumstances, unreasonable under Fourth Amendment standards."

The court observes the absence of exigent circumstances in the *Roaden* case and states, at page 5073:

". . . Where there are exigent circumstances in which police action literally must be 'now or never' to preserve the evidence of the crime, it is reasonable to permit action without prior judicial evaluation. . . ."

See one of the stipulations in this case, "that no exigent circumstance exists in either of these cases."

The U. S. Supreme Court reversed Roaden's conviction holding that, see syllabus at Page 5070:

"The seizure by the sheriff, without the authority of a constitutionally sufficient warrant, was unreasonable

under Fourth and Fourteenth Amendment standards. The seizure is not unreasonable simply because it would have been easy to secure a warrant, but rather because prior restraint of the right of expression, whether by books or films, calls for a higher hurdle of reasonableness. . . .''

The initial opinion and order (August 16, 1973) by the District Court in *Today's Bookstores* v. *Sensenbrenner, supra,* dealt with other items and, although citing the *Heller* and *Roaden* cases, did not discuss the question of the legality of seizing allegedly obscene materials without a warrant.

This omission was called to the court's attention in a motion to alter or amend, and on August 22, 1973, the court responded thusly:

''. . . However, to avoid any possible misunderstanding of this court's opinion and order of August 16, 1973, the court will now consider the question . . . .

''The court specifically stated that a police officer may not seize allegedly obscene material without first obtaining a warrant from a magistrate. The magistrate would then have the opportunity to 'focus searchingly on the question of obscenity.' See *Heller* v. *New York, supra* at 5068; *Marcus* v. *Search Warrant,* 367 U. S. 717, 732 (1961). *A seizure of allegedly obscene material without a warrant is, therefore illegal and that material may not be used at trial. Roaden* v. *Kentucky, supra.''* (Emphasis added.)

Attention is called to the memorandum and order, dated June 29, 1973, in *Christine Enterprises* v. *Ballard, supra,* where the *Heller* case and others are cited. (The *Roaden* case is not mentioned.) See, at page 12:

''. . . *Nothing here decided is intended to impair Akron's right to employ adversary procedures consistent with the procedures approved in the foregoing decisions . . . .''* (Emphasis added.)

''. . . defendants are enjoined from seizing any films from the Strand Theatre *other than upon a valid search warrant or upon a finding of obscenity in a prior adversary proceeding, or otherwise under authority of lawful process.''* (Emphasis added.)

Since these films were seized without a search warrant, or without a finding of obscenity in a prior adversary proceeding, no exigent circumstances existing, and in the absence of any opportunity by a judge to "focus searchingly on the question of obscenity," this court determines that the seizure of all film does not measure up to the "higher hurdle of reasonableness" fixed by the United States Supreme Court and is therefore unreasonable under Fourth and Fourteenth Amendment standards.

The motion to suppress is granted in each case.

*Motion granted.*