PER CURIAM.
Appellant, the State of Florida, takes this interlocutory appeal to review an order quashing search warrant and directing return of evidence.
On January 16, 1974, James Bowers, a sergeant of the Dade County Public Safety Department, swore to an affidavit for search warrant before the Honorable Alfonso C. Sepe. He stated therein that on the previous day he went to the defendant appellee U & L Theaters, Inc. d/b/a Little Adult Theater, paid an admission charge of $3.00 and viewed a double feature, “Cousin Betty” and “Between You and Me”, and “selected” shorts. The affiant Bowers then describes the contents of these films in detail; but generally stated, it referred to various types of sex acts. Based upon the affidavit of Sergeant Bowers that he had reason to believe that there was a violation of § 847.011, Fla.Stat., F.S.A. [the exhibiting of obscene films], Judge Sepe on January 16, 1974 issued a search warrant describing the films and commanding that they be seized. The judge further stated therein that he expressly found probable cause for the issuance thereof. Upon the execution of the warrant, the only available copies of the films were seized and defendant-appellee, Mario Jose Calatayud, who was in possession thereof, was arrested. Thereafter, on January 24, 1974 an information was filed wherein U & L Theaters, Inc. and Mario Jose Calatayud were charged with unlawful possession of obscene films with intent to show same in violation of § 847.011, Fla.Stat., F.S.A. On January 25, 1974, defendant-appellees filed a motion to quash search warrant and return of illegally seized and detained evidence and as one of the grounds therefor alleged that the execution of the search warrant was unconstitutional because the only copies of the films in question were seized, effectively putting the theater out of business, and because the obscenity vel non of the materials seized was not determined prior to seizure. The motion fur- . ther prayed for prompt return of the materials pending an adversary hearing. A hearing thereon commenced on the same date at which time counsel for the respective parties argued and presented their authorities to the trial judge. The hearing was continued until January 28, 1974[1] at which time defense counsel could not appear. The hearing then was reset for February 1, 1974. At the conclusion of this hearing, Judge Sepe entered his order quashing search warrant and directing return of evidence. Contained therein was the finding of the judge that the procedure employed by the Public Safety Department violated the standards set forth in Heller v. New York, 413 U.S. 483, 93 S.Ct. 2789, 37 L.Ed.2d 745 (1973) because of the failure prior to seizure to focus searchingly on the issue of the obscenity vel non of the materials which are protected by the First Amendment until there is a judicial determination of their obscenity. The State of Florida appeals therefrom.
The question to be resolved is whether the seizure of the films, being the only available copies, was unreasonable under Fourth Amendment standards.
The seizing of the only available copies of the films[2] being exhibited to the *881 general public as in the case at bar presents essentially the same restraint on expression as the seizure of all the books in a bookstore. Roaden v. Kentucky, 413 U.S. 496, 93 S.Ct. 2796, 37 L.Ed.2d 757 (1973). Thus, prior to the issuance of the warrant for the seizure of the defendant-appellees’ only copies of the subject materials, it was necessary that a neutral detached magistrate had a full opportunity for an independent judicial determination of probable cause and further was able to “focus searchingly on the question of obscenity”. See Marcus v. Search Warrant, 367 U.S. 717, 81 S.Ct. 1708, 6 L.Ed.2d 1127 (1961); Heller v. New York, 413 U.S. 483, 93 S.Ct. 2789, 37 L.Ed.2d 745 (1973); Roaden, supra, and Cf. Rhodes v. State, Fla.1973, 283 So.2d 351; Davison v. State, Fla.1973, 288 So.2d 483.
An examination of the record clearly reflects that, based upon his perfunctory examination of an affidavit submitted by a law enforcement officer, the trial judge issued the subject search warrant which resulted in the seizure of the only copies of the allegedly obscene films with no offer tendered by the State to permit copying thereof so as to allow continued exhibition pending a determination of their obscenity vel non. This procedure under which the warrant issued was not a procedure designed to focus searchingly on the issue of the obscenity vel non of the materials in question. Cf. Lee Art Theatre v. Virginia, 392 U.S. 636, 88 S.Ct. 2103, 20 L.Ed.2d 1313 (1968).
Therefore, ,we conclude that the warrant in the case sub judice was constitutionally insufficient and under the circumstances the seizure was unreasonable under Fourth Amendment standards and plainly was a form of prior restraint.
For the reasons cited hereinabove, the order quashing search warrant and directing return of evidence hereby is affirmed.
Affirmed.

. On this date, defense counsel filed a motion for prompt adversary hearing to determine the issue of obscenity vel non of the seized materials.

. Presumptively protected under the First Amendment.