Edward S. Conway, J.
This is a motion by the plaintiff, Circle Cinema, Inc., brought on by an order to show cause for a preliminary injunction enjoining the defendants: (1) from continuing the seizure of six films and four projectors seized June 12, 1975 at plaintiff’s premises in the Town of Colonie; (2) from seizing any additional film or equipment of plaintiff in use at said premises; and (3) requiring the release of the aforesaid items on the ground that plaintiff has demanded a permanent injunction and said acts of defendant, if committed during the pendency of the action, would cause irreparable injury to the plaintiff.
On June 12,1975, four police officers of the Town of Colonie, New York entered upon the premises of Circle Cinema, Inc., a movie theatre located in the Town of Colonie, owned and operated by the plaintiff. The police officers, after viewing the films "Deep Throat”, "The Devil in Miss Jones”, "Marriage Manual” and "Climax”, seized these films along with two others, "Feel” and "Kitty’s Pleasure Palace”, which were viewed at an earlier date (Máy 30, 1975) by one of the police officers. Four projectors were also seized and tagged but were not physically removed from the theatre. The seized property was delivered to the District Attorney of Albany County.
The police officers have acted pursuant to the authority of section 410 of the Penal Law of New York. The plaintiff contends that section 410 is unconstitutional as it is violative of plaintiffs rights under the First, Fourth, Fifth and Fourteenth Amendments to the Constitution and it is vague and overbroad.
Section 410 of the Penal Law is taken from section 1141-c of the Penal Law of 1909, except for subdivision 9 which was *529 added September 1, 1956. Section 410 provides, insofar as pertinent, as follows:
"§ 410.00 Seizure and forfeiture of equipment used in photographing, filming, producing, manufacturing, projecting or distributing pornographic still or motion pictures
"1. Any peace officer of this state may seize any equipment used in the photographing, filming, printing, producing, manufacturing or projecting of pornographic still or motion pictures and may seize any vheicle or other means of transportation, other than a vehicle or other means of transportation used by any person as a common carrier in the transaction of business as such common carrier, used in the distribution of such obscene prints and articles and such equipment or vehicle or other means of transportation shall be subject to forfeiture as hereinafter in this section provided.
"2. The seized property shall be delivered by the peace officer having made the seizure to the custody of the district attorney of the county wherein the seizure was made, except that in the cities of New York and Buffalo, the seized property shall be delivered to the custody of the police department of such cities, together with a report of all the facts and circumstances of the seizure.
"3. It shall be the duty of the district attorney of the county wherein the seizure was made, if elsewhere than in the cities of New York or Buffalo, and where the seizure is made in either such city it shall be the duty of the corporation counsel of the city, to inquire into the facts of the seizure so reported to him and if it appears probable that a forfeiture has been incurred, for the determination of which the institution of proceedings in the supreme court is necessary, to cause the proper proceedings to be commenced and prosecuted, at any time after thirty days from the date of seizure, to declare such forfeiture, unless, upon inquiry and examination such district attorney or corporation counsel decides that such proceedings can not probably be sustained or that the ends of public justice do not require that they should be instituted or prosecuted, in which case, the district attorney or corporation counsel shall cause such seized property to be returned to the owner thereof. * * *
"9. For the purpose of this section only, a pornographic still or motion picture, is defined as a still or motion picture showing acts of sexual intercourse or acts of sexual perver *530 sion. This section shall not be construed as applying to bona fide medical photographs or films.”
The seized motion picture films under the statute are among the modes of expression afforded protection under the first amendment (Joseph Burstyn, Inc. v Wilson, 343 US 495). Police officials may not seize motion picture films or the equipment used in the projecting or exhibiting of the films without a prior judicial determination of obscenity (Roaden v Kentucky, 413 US 496). In the Roaden case, a county Sheriff viewed a sexually explicit film at a local drive-in theatre. At the conclusion of the showing, he arrested petitioner, the theatre manager, for exhibiting an. obscene film in violation of Kentucky law, and seized, without a warrant, one copy of the film for use as evidence. There was no prior judicial determination of obscenity. Petitioner’s motion to suppress the film as evidence on the ground of illegal seizure was denied, and he was convicted.
The United States Supreme Court held the seizure by the Sheriff, without the authority of a constitutionally sufficient warrant, was unreasonable under the Fourth and Fourteenth Amendment standards. "The seizure is unreasonable, not simply because it would have been easy to secure a warrant, but rather because prior restraint of the right of expression, whether by books or films, calls for a higher hurdle in the evaluation of reasonableness.” (Roaden v Kentucky, supra, p 504, citing Lee Art Theatre v Virginia, 392 US 636; and Marcus v Search Warrant, 367 US 717.)
The procedure outlined in section 410.00 of the Penal Law and followed by the defendants herein under which the police officers viewed the films in question and found them to be pornographic allegedly showing acts of sexual intercourse or acts of sexual perversion as violating subdivision 9 of the statute, without any inquiry by judicial authority into the factual basis for the officers’ conclusion, is a procedure which falls short of the constitutional requirements demanding necessary sensitivity to freedom of expression (Lee Art Theatre v Virginia, supra). A seizure by police officers without the authority of a constitutionally sufficient warrant is plainly a form of prior restraint and unreasonable under Fourth Amendment standards (Roaden v Kentucky, supra), and therefore the police officers acted in ah unconstitutional manner.
The motion of the plaintiff is granted and the defendants are ordered to return the seized items to the plaintiff.