Howard Goldfluss, J.
The defendants are charged with possession and promotion of obscene material in violation of section 235.05 of the Penal Law. They move to dismiss on two grounds: (1) that after a search warrant was issued by a Judge of this court in a prior ex parte proceeding, the execution of such warrant resulted in no seizure of evidence and therefore their arrest was unlawful; (2) that the said ex parte proceeding itself was improper and in violation of the First Amendment rights of the defendants.
An undercover New York City police officer, in three independent transactions and at three different locations, purchased from each of the defendants, respectively, items of alleged obscene material, namely reels of 8 millimeter film. *79 The films were brought to a Judge of this court, who viewed them, deemed them to be obscene, and issued search warrants directed to the persons and locations stated. The viewing of the film and the issuance of the warrant was an ex parte proceeding.
The warrants were not executed in that no evidence was seized as a result of the searches made incident to the warrant, but the defendants were placed under arrest by the police officers who were aware of the original purchases of samples of the obscene material. The defendants take the position that since the warrants produced no fruitful results, the arrest was a sham and unauthorized by law.
CPL 140.10 (subd 1) provides that a police officer may arrest a person for "(b) A crime when he has reasonable cause to believe that such person has committed such crime, whether in his presence or otherwise.”
Prior to the passage of CPL 140.10, it was necessary that a misdemeanor be committed in the presence of the officer to justify an arrest (see Code Crim Pro, § 177.00, subds 1, 4). The current law specifically eliminates the "in his presence” requirement for misdemeanor arrests. Once a Judge viewed the films and deemed them obscene, reasonable cause attached for the purpose of complying with CPL 140.10. It is difficult to imagine a greater degree of reasonable cause authorizing a police officer to make an arrest than a prior judicial determination by a Judge (see Milky Way Prods. v Leary, 305 F Supp 288, 296-297, affd 397 US 98). The original reels of film were purchased from the defendants. The film was submitted to the court for a determination as required under subdivision 1 of section 235.05 of the Penal Law, and that determination must be made by a judicial officer alone (see People v Avasino, 71 Misc 2d 889). The police officers and the judicial officer complied with the statutory requirements and the defendants’ contention that the procedures leading to the issuance of the warrants served as pretexts for the arrests of the defendants is invalid.
The defendants’ contention that the ex parte proceeding itself is unlawful and invalidates the subsequent arrests of the defendants was duly considered by the Supreme Court of the United States in Heller v New York (413 US 483). Mr. Justice Burger, writing for the majority, made it clear that a judicial officer can issue a constitutionally valid warrant for the film’s seizure as evidence in a prosecution against the exhibitor *80 without first conducting an adversary hearing on the issue of probable obscenity.
The defendants rely on the United States Supreme Court decisions which stand for the proposition that the distribution of literature or the dissemination of any form of writing or speech should remain completely undisturbed until a judicial officer makes an independent determination of obscenity in an adversary proceeding (see A Quantity of Books v Kansas, 378 US 205; Marcus v Search Warrant, 367 US 717; Lee Art Theatre v Virginia, 392 US 636).
He further contends that previous restraint without the benefit of a prior adversary proceeding violates the First Amendment in that it inhibits freedom of expression and should be condemned (see Near v Minnesota ex rel. Olson, 283 US 697; Bantam Books v Sullivan, 372 US 58).
The reliance of the defendants on the cases cited would certainly apply if there existed in this case a seizure of a large quantity of film for the purpose of their destruction. Such seizure, preceding an adversary determination of their obscenity, would indeed be a dangerous abridgement of society’s right to be free from police or judicial censorship. But that is not the case here. The police officers purchased three reels of film. The warrant which issued after they were viewed and deemed to be obscene by a Judge of this court limited the prospective seizure to six. This precise number is reasonably dictated by prosecutorial requirements and is hardly designed to prevent continued distribution or exhibition. Moreover, the People indicate they are ready to proceed and were ready within 30 days of the purchase, thereby avoiding protracted delay in the adversarial hearing on the obscenity issue. The chronology of events here and the total fact pattern indicates to this court that the issues of censorship and First and Fourteenth Amendment rights which disturbed the court in A Quantity of Books v Kansas (supra) and Marcus v Search Warrant (supra), are not relevant. Here the limited quantity of material seized was preserved as evidence in a criminal prosecution, and pursuant to Heller (413 US 483, supra), this procedure is distinguished from the wholesale taking of such material for the sole purpose of confiscation. There is a distinction, and although it may be a subtle one, it draws the line between unauthorized, unconstitutional censorship and valid prosecutorial procedure. Motions are denied in all respects.