# Richmond

LEE ART THEATRE, INC. v. COMMONWEALTH OF VIRGINIA.

December 1, 1969.

Record No. 7126.

Present, All the Justices.

*Joseph S. Bambacus; T. Wilson Hotze, Jr.*, for plaintiff in error.

*D. Gardiner Tyler, Assistant Attorney General (Robert Y. Button, Attorney General,* on brief), for defendant in error.

I'ANSON, J., delivered the opinion of the court.

Defendant, Lee Art Theatre, Inc., a Virginia corporation, was tried by a jury on an information filed on October 31, 1966, by the Commonwealth's attorney of the City of Richmond, charging that the corporation did unlawfully and knowingly promote, manage and exhibit an obscene motion picture. (Section 18.1-228, Code of 1950, as amended.) The jury found the defendant guilty and fixed its punishment at a fine of $500. Judgment was entered on the verdict and we granted defendant a writ of error.

Prior to the filing of the information a search warrant was issued, on October 26, 1966, resulting in the seizure of the motion picture film and other properties of the defendant.

The first and controlling question for us to answer is whether the

film, which was admitted in evidence over defendant's objection, had been unconstitutionally seized.

The seizure was under the authority of a warrant issued by a justice of the peace on the basis of the affidavit of Sergeant C. E. Phillips, of the Richmond police department, stating that defendant was: "possessing, exhibitin [*sic*] and showing a lewd and obscene motion picture, to-wit: 'A Smell of Honey, a Swallow of Brine' "; that he personally "observed pictures of naked women, lesbians, scenes of rape, fondling"; that the dominant theme or purpose of the motion picture is an appeal to the prurient interests; that the scenes show a "shameful or morbid interest in nudity, sex, or excretion which go substantially beyond customary limits of candor"; that police officers also observed the preview of the film; and that there were advertisements of the film in front of the theatre, located at 934 West Grace Street, Richmond, Virginia.

In the recent case of *Lee Art Theatre, Inc.* v. *Virginia*, 392 U.S. 636, 88 S.Ct. 2103, 20 L.ed.2d 1313, the Supreme Court of the United States, in a brief *per curiam* on June 17, 1968, reversed a conviction of the theatre[1] on the ground that the films seized under a search warrant were improperly admitted in evidence. There the seizure was under the authority of a warrant issued by a justice of the peace on the basis of the affidavit of a police officer which stated that the theatre is "possessing, exhibiting and showing lewd and obscene motion pictures, to-wit: 'The Erotic Touch of Hot Skin,' and previews of 'Rent-A-Girl'; and that he had personally observed the motion picture" and previews and the billboard in front of the theatre.

In *Lee Art Theatre, supra,* the Court said:

"A seizure of allegedly obscene books on the authority of a warrant 'issued on the strength of the conclusory assertion of a single police officer, without any scrutiny by the judge of any materials considered * * * obscene,' was held to be an unconstitutional seizure in Marcus v. Search Warrants of Property at 104 East Tenth St., 367 U. S. 717, 731, 732, 81 S.Ct. 1708, 1716, 6 L.Ed.2d 1127." 392 U.S. at 637, 88 S.Ct. at 2104.

The Supreme Court did not decide that the justice of the peace should have seen the film before issuing the warrant. But the Court did say that:

"The procedure under which the warrant issued solely upon the

---

1. For opinion on remand, see 209 Va. 354, 164 S.E.2d 665 (1968).

conclusory assertions of the police officer without any inquiry[2] by the justice of the peace into the factual basis for the officer's conclusions was not a procedure 'designed to focus searchingly on the question of obscenity,' *id.*, at 732, 81 S.Ct. at 1716, and therefore fell short of constitutional requirements demanding necessary sensitivity to freedom of expression. See Freedman v. State of Maryland, 380 U.S. 51, 58-59, 85 S.Ct. 734, 738-739, 13 L.Ed.2d 649". 392 U.S. at 637, 88 S.Ct. at 2104.

. The line of cleavage between protected and unprotected speech under the First Amendment is difficult to draw, and because the First Amendment rights are of such fundamental importance to our system of government, the Constitution requires a procedure "designed to focus searchingly on the question of obscenity" before speech can be regulated or suppressed. *Marcus* v. *Search Warrant, supra,* 367 U.S. at 732, 81 S.Ct. at 1716.

In the present case the justice of the peace only inquired of the police officer if the film was "bad." This can hardly satisfy the requirements of an inquiry by the justice of the peace focusing searchingly on the question of obscenity. Moreover, the procedure employed was little better than that condemned by the Supreme Court in the first *Lee Art Theatre* case, *supra,* and the affidavit contained only slightly more than such conclusory assertions.

We are bound by the Supreme Court's decision in the first *Lee Art Theatre* case, and since the procedure employed "fell short of constitutional requirements demanding necessary sensitivity to freedom of expression," we hold that the film was unconstitutionally seized and it was error to admit it in evidence. Hence we do not reach the merits of the case, and it is unnecessary to discuss other errors assigned by the defendant.

For the reasons stated, the judgment of conviction is set aside and the case is

*Reversed and dismissed.*

---

2. The Supreme Court has not held what form of inquiry is necessary before a search warrant can be legally issued to seize films, but some other courts have held that the inquiry shall include an adversary proceeding. See, *Tyrone, Inc.* v. *Wilkinson,* 410 F.2d 639, 641 (4th Cir. 1969); *Metzger* v. *Pearcy,* 393 F.2d 202, 204 (7th Cir. 1968); *Cambist Films, Inc.* v. *Tribell,* 293 F.Supp. 407, 409 (D.C. Ky. 1968). In *Tyrone* a petition for a writ of certiorari was filed in the Supreme Court on July 30, 1969. For Annotation on "Obscenity—Procedures," see 5 A.L.R.3d 1214, 1224-1229.