## Richmond

DAVID EVERETT UPTON v. COMMONWEALTH OF VIRGINIA.

November 30, 1970.

Record No. 7482.

Present, All the Justices.

*Jonathan S. Gibson, III* (*Hudgins and Gibson*, on brief), for plaintiff in error.

*T. J. Markow*, Assistant Attorney General (*Andrew P. Miller, Attorney General*, on brief), for defendant in error.

COCHRAN, J., delivered the opinion of the court.

Appellant, David Everett Upton, waived a jury and was tried by the court upon an indictment charging him with possession of marijuana in violation of § 54-488 of the Code. He was found guilty as charged and sentenced to confinement for three years in the State Penitentiary. We granted him a writ of error to the judgment order entered August 6, 1969.

On March 25, 1969 Sergeant C. E. Boyce of the Hampton Detective Bureau obtained a search warrant to search a dwelling house at 525 N. First Street in the City of Hampton for narcotic drugs and narcotic paraphernalia. With other law enforcement officers Sergeant Boyce at about 1:00 a.m. conducted a search of the premises during which narcotics were discovered. Two of the occupants were arrested and charged with possession of narcotics. A third occupant, Upton, was arrested and charged with possession of obscene literature when an officer opened his chest of drawers and found seven "nude" pictures.

All three men were taken in handcuffs from the dwelling into the street and there searched "for security purposes" before being placed in the police van. During this search a vial was found in Upton's inner shirt pocket containing a "weed like substance" which the officers believed to be marijuana. After a field test at police headquarters had confirmed that the substance was marijuana a warrant was obtained charging Upton with its possession and he was subsequently convicted.

At trial, Upton moved to suppress the incriminating evidence obtained through the search of his person. The Commonwealth attempted to justify the search as having been incident to a valid arrest. Upholding the search as incident to Upton's arrest for possession of obscene literature, the court overruled the motion and admitted the evidence. By his assignments of error Upton challenges the action of the court in overruling this motion.

It is clear from the record that the police officers, the opposing attorneys, and the trial court were in agreement that the search of Upton was incident to his arrest for violating the obscenity statute and not pursuant to the search warrant. The Commonwealth's attorney strenuously objected to any suggestions made by Upton's counsel on cross-examination that the search might have been made pursuant to the warrant.[1] Upton's counsel concurred in the view that the search was not pursuant to the warrant and the court unequivocally so found.[2]

The obscenity statute, Code § 18.1-228, as it read at the time of Upton's arrest, prohibited possession of obscene pictures with intent to "sell, rent, lend, transport, or commercially distribute" them.

[1] "Mr. Richardson: This Officer testified that the man was placed under arrest and that the only reason he was searched, incidental to that arrest—and he did not use those terms, but he said for security purposes, before going into a paddy wagon, he was searched.

Possession in public or in a public place was deemed *prima facie* evidence of a violation of the statute.

The record is devoid of any evidence of probable cause upon which the officers could have lawfully arrested Upton for violation of the obscenity law. It only shows that, in searching for marijuana, one of the officers opened a chest of drawers belonging to Upton and found in it seven "nude" pictures. So there was no *prima facie* evidence that Upton was violating the law.

The officers had no previous reason to suspect, and had not suspected, that Upton had obscene literature in his possession. There is no evidence as to the obscene nature of the pictures except that they were "nude." If this general classification were sufficient to constitute obscenity much of the great art of the world would be outlawed. Nor is there any evidence in the record to justify a belief that Upton had the intent to "sell, rent, lend, transport, or commercially distribute" the pictures. If such evidence was available to the officers at the time of arrest it was incumbent upon the Commonwealth to have it made a part of the record.

■ A policeman has the unquestioned right to seize contraband while engaged in a lawful search. *Abel* v. *United States*, 362 U. S. 217, 238, 80 S. Ct. 683, 697, 4 L. Ed. 2d 668, 686 (1960); *Fierst* v. *Commonwealth*, 210 Va. 757, 173 S.E. 2d 807 (1970). But Upton's arrest, made without probable cause to believe that he was violating the obscenity statute, was unlawful, *Beck* v. *Ohio*, 379 U. S. 89, 85 S. Ct. 223, 13 L. Ed. 2d 142 (1964), and the search was not incident to a lawful arrest. Since the arrest was unlawful, the search was invalid.

Upton's motion to suppress the evidence seized in the search should have been granted.

*Reversed and remanded.*

---

"Now, how can that be under the search warrant, your Honor?"

2 "Court: . . . it's clear to the Court and it should be clear for the record, that the search of Mr. Upton, there by the paddy wagon, was in no wise pursuant to the search warrant issued previously for the search of the premises; had no connection with it."