COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Willis and Annunziata
Argued at Alexandria, Virginia


PAUL L. COPELAND
                                          OPINION BY
v.    Record No. 0644-99-4        JUDGE JERE M. H. WILLIS, JR.
                                       FEBRUARY 22, 2000
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                Kathleen H. MacKay, Judge

        James G. Connell, III, Assistant Public
        Defender, for appellant.

        Donald E. Jeffrey, III, Assistant Attorney
        General (Mark L. Earley, Attorney General;
        Kathleen B. Martin, Assistant Attorney
        General, on brief), for appellee.


     On appeal from his convictions of indecent exposure, in

violation of Code § 18.2-387, and peeping into a dwelling, in

violation of Code § 18.2-130, Paul L. Copeland contends (1) that

the evidence was insufficient to support his conviction of

indecent exposure, (2) that the evidence was insufficient to

support his conviction of window peeping, and (3) that the trial

court erred by denying his motion to strike either or both

counts, because the counts contained mutually exclusive

elements.  We affirm the judgment of the trial court.

                    I.  Background

            On appeal, we review the evidence in
          the light most favorable to the

> Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.

Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

On July 12, 1998, at around 11:30 p.m., Kelley Rowe was sitting in her home when, through a glass door, she saw Copeland in her backyard looking at her. His pants were unzipped, his penis was exposed and erect, and he was masturbating. Ms. Rowe called the police, and Officer W.H. Crist responded. As Officer Crist approached Ms. Rowe's fenced backyard, he looked over the fence and saw Copeland in the yard. Copeland's pants were disarrayed, and he admitted he was trespassing.

A jury convicted Copeland of window peeping, in violation of Code § 18.2-130, and indecent exposure, in violation of Code § 18.2-387. He was sentenced to twelve months imprisonment and a fine for the indecent exposure offense, and an additional six months imprisonment for the window peeping offense.

## II.  Indecent Exposure

Code § 18.2-387 states:

> Every person who intentionally makes an obscene display or exposure of his person, or the private parts thereof, in any public place, or in any place where others are present, or procures another to so expose himself, shall be guilty of a Class 1 misdemeanor.

Copeland contends that the evidence was insufficient to support his conviction for indecent exposure, because it failed to prove

-

that his exposure went "substantially beyond customary limits of candor in description or representation."  Code § 18.2-372.  We disagree.

To be obscene, conduct must violate contemporary community standards of sexual candor.  See House v. Commonwealth, 210 Va. 121, 126, 169 S.E.2d 572, 576 (1969).  However, expert testimony regarding community standards is not required because the fact finder may apply his or her knowledge in ascertaining the acceptable standard in the community.  See Hamling v. United States, 418 U.S. 87, 105-07 (1974); Freeman v. Commonwealth, 223 Va. 301, 316, 288 S.E.2d 461, 469 (1982).  Evidence that Copeland exposed his genitals, that he was visibly aroused, and that he was masturbating supports the jury's finding that his conduct went "substantially beyond" acceptable community standards.  See VanDyke v. Commonwealth, 178 Va. 418, 426, 17 S.E.2d 366, 370 (1941).  This evidence "established that his actions had as their dominant purpose an appeal to the prurient interest in sex," and were therefore obscene under the Code. Hart v. Commonwealth, 18 Va. App. 77, 80, 441 S.E.2d 706 707 (1994).

Copeland further argues that the evidence failed to prove that he exposed himself in a public place.  He fails to note, however, that the statute, tracked by the indictment, requires that the exposure be in a public place "or where others are

-

present."  Code § 18.2-387.  Ms. Rowe was present, satisfying the statute.

### III.  Window Peeping

Code § 18.2-130(A) states:

> It shall be unlawful for any person to enter upon the property of another and secretly or furtively peep, spy or attempt to peep or spy into or through a window, door or other aperture of any building, structure, or other enclosure of any nature occupied or intended for occupancy as a dwelling, whether or not such building, structure or enclosure is permanently situated or transportable and whether or not such occupancy is permanent or temporary.

Copeland contends that the evidence failed to prove that he acted in a secret or furtive manner.

Copeland argues that he could not have been acting secretly or furtively because Ms. Rowe saw him.  We reject this argument. Copeland was hiding in a fenced backyard while peeping into Ms. Rowe's window, and she was initially unaware of his presence. He did not have her permission to be in her yard or to act in such a manner.  The statute does not limit prosecution to those who are wholly hidden from view.  Rather, it forbids surreptitious peeping with the intent to invade the privacy of another.  The interpretation proposed by Copeland would create an absurd result.  The "secretly or furtively" element, urged by Copeland, would require proof that no one see the "peeping tom." Thus, the arrest of the "peeping tom" caught in the act would necessarily disprove an element of the crime.  See Barr v.

-

Town & Country Prop., Inc., 240 Va. 292, 295, 396 S.E.2d 672, 674 (1990) (holding that legislative intention must be gleaned from the statutory language "'unless a literal construction would involve manifest absurdity'").

## IV.  Motion to Strike

Finally, Copeland contends that the jury should not have convicted him of both counts, because the counts contain mutually exclusive elements.  He argues that he could not have secretly or furtively peeped into the window while simultaneously being in a public place.  However, as we have already observed, the indecent exposure statute does not require that the offense be committed in a public place.  It is sufficient that it be committed in a "place where others are present."

The judgment of the trial court is affirmed.

Affirmed.

-