COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Clements and Agee
Argued at Salem, Virginia


ROGER DONOVAN FREEMAN

                                    MEMORANDUM OPINION* BY
v.    Record No. 1584-00-3         JUDGE RICHARD S. BRAY
                                         JULY 24, 2001
COMMONWEALTH OF VIRGINIA

              FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
                         James F. Ingram, Judge

              Brian H. Turpin (Turpin & Haymore, on brief),
              for appellant.

              Paul C. Galanides, Assistant Attorney General
              (Mark L. Earley, Attorney General; Amy L.
              Marshall, Assistant Attorney General, on
              brief), for appellee.


     Roger Donovan Freeman (defendant) was convicted of "carnal

knowledge of a minor," "statutory rape," two counts of sodomy,

"participating in child pornography," possession of child

pornography, contributing to the delinquency of a minor, and

possession of marijuana with the intent to distribute.  On appeal,

he contends the trial court erroneously declined to suppress

evidence seized during the execution of a search warrant issued

without the requisite probable cause and otherwise invalid.  We

disagree and affirm the convictions.

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

The parties are fully conversant with the record, and this memorandum opinion recites only those facts necessary to a disposition of the appeal.

In reviewing a trial court's ruling on a suppression motion, we consider the evidence in the "light most favorable to . . . the prevailing party below," the Commonwealth in this instance. Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991). Our consideration of the record includes evidence adduced at both the trial and the suppression hearing, if any. DePriest v. Commonwealth, 4 Va. App. 577, 583, 359 S.E.2d 540, 542-43 (1987).

> Because search warrants are favored, and warrantless searches . . . presumptively invalid under the Fourth Amendment, . . . a presumption of validity attaches when a search is conducted pursuant to a warrant issued by a neutral and detached magistrate or judicial officer. Therefore, where the police conduct a search pursuant to a judicially sanctioned warrant, the defendant must rebut the presumption of validity by proving that the warrant is illegal or invalid.

Lebedun v. Commonwealth, 27 Va. App. 697, 711, 501 S.E.2d 427, 434 (1998) (citations omitted).

I.

On February 18, 2000, Danville Police Officer David Austin "knocked at the door" of 226 North Avenue, seeking a juvenile

-

"runaway," Rachel Baker, then the subject of an arrest warrant. Defendant answered and Austin "told him [he] was . . . looking for . . . Baker . . . and . . . needed to talk to her." Defendant, replied, "wait a minute" and twice "went downstairs," finally returning with Baker. Austin then arrested the juvenile, conducted an incidental search, and discovered three photographs in her pocketbook, including pictures of defendant "holding his erect penis" and Baker in sexually suggestive poses. In response to Austin's questioning, Baker explained "those were pictures that [defendant] allowed her to take of him masturbating."

Prompted by such information, Austin appeared before Danville Juvenile and Domestic Relations District Court Judge Dale M. Wiley to obtain a search warrant of defendant's residence. Austin's attendant affidavit requested a search "in relation to an offense described as follows: [p]ossession of obscene photos, pictures, or film of any person and any camera or video equipment used to make or show these pictures." The affidavit identified defendant and his residence, 226 North Avenue, as the "place, person or thing to be searched" and listed "obscene photos, pictures, film, and any cameras, video equipment, or tapes that show or contain or can be used to show, print, or present for viewing obscene material" as the "things or persons to be searched for." The

-

affidavit also detailed the "material facts constituting probable cause."[1]

Based upon the affidavit and an examination of the photos, the judge issued the warrant and Austin, accompanied by several additional police officers, returned to defendant's residence to undertake the related search.  Upon execution of the warrant, police discovered several "obscene" photographs, which defendant acknowledged variously depicted Baker, another unnamed juvenile and himself engaged in sexual activity or provocative poses.  Defendant, also found in possession of marijuana, $753 cash and a pager, was subsequently arrested and indicted for the instant offenses.

---

[1] Austin's sworn narrative recited, in pertinent part, that he had

> obtained information from the Pitts Co.
> Sherriffs [sic] Dept. that a runnaway [sic]
> W/F age 17 was in Danville near Claiborne
> St. and that she was staying with a W/M only
> known to them as "Donnavan."  The female's
> name is Rachel Annette Baker DOB 11-7-82
> 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.  She was also wanted for
> violation of "outreach" in Pitts Co.  I knew
> of a Roger Donnavan Freeman W/M DOB-2-13-75
> SSN 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 who lives at 226 North Ave.
> I went to this address and Mr. Freeman
> answered the door.  He said Ms. Baker was
> there and I took her into custody.  In her
> pocket book I found obscene pictures of
> Roger Freeman that Rachel Baker said she
> took of him masturbating.  She said Mr.
> Freeman allowed her to take nude pictures of
> himself while masturbating himself and the
> pictures were taken with his camera at his
> house at 226 North Ave.

On the morning of trial, defendant moved the court to suppress evidence gathered in the search. Following a related evidentiary hearing, the court denied defendant's motion and trial immediately followed, resulting in the instant convictions and appeal.

## II.

Defendant first contends the search warrant erroneously "fail[ed] to state the items to be seized" and, "[a]lthough [a] description was included in the affidavit, there was no evidence that the affidavit was attached to the warrant, as required by . . . Code § 19.2-56." However, Commonwealth's "Exhibit 5," a single exhibit identified by Austin, embraces both the search warrant and affidavit, attached one to the other. Thus, the record affirmatively establishes the affidavit was "a part of" the warrant in accordance with Code § 19.2-56, thereby strengthening the presumption of regularity. Offering no evidence to the contrary, defendant clearly failed to carry his burden to "prov[e] the warrant . . . illegal or invalid" for an infirmity arising from an insufficient description of the objects sought by police or otherwise violative of Code § 19.2-56. See Lebedun, 27 Va. App. at 710-12, 501 S.E.2d at 432-34; Code § 19.2-56.

Defendant next maintains "the description of the items to be seized was overly broad" but, again, his argument is without merit.

-

Code § 19.2-54 expressly prohibits issuance of a "general warrant for the search of a house, place, compartment, vehicle or baggage."  See U.S. Const. amend IV; see also Va. Const. art. 1, § 10.  "The 'distinct objective'" of such limitations "'is that . . . searches deemed necessary . . . be as limited as possible;' . . . to prevent 'a general, exploratory rummaging in a person's belongings.'"  Moyer v. Commonwealth, 33 Va. App. 8, 23, 531 S.E.2d 580, 587 (2000) (citation omitted).  "The test for determining the requisite degree of particularity . . . 'is a pragmatic one:  "The degree of specificity required . . . may necessarily vary according to the circumstances and type of items involved . . . ."'"  Morke v. Commonwealth, 14 Va. App. 496, 500, 419 S.E.2d 410, 413 (1992) (citation omitted).  Thus, "[s]o long as the 'search warrant describe[s] the objects of the search with reasonable specificity,' it complies with the dictates of the Fourth Amendment."  Id. (citation omitted).  "The determination whether the warrant possesses the requisite degree of specificity requires a fact-specific, case-specific analysis."  Id. at 500-01, 419 S.E.2d at 413.

The instant warrant was issued in relation to the "Production, Sale, Possession, Etc. Of Obscene Items," supported by an affidavit that specifically enumerated the "things or persons to be searched for," all items reasonably "related to [the] particular offenses."  Id. at 502, 419 S.E.2d at 414.  Thus, the pertinent instruments sufficiently detailed the objects

-

subject of the search, together with a compelling nexus to the

offenses under investigation, thereby satisfying both

constitutional and statutory safeguards.  See id.

Finally, defendant asserts that "[t]he probable cause

requirement was not fulfilled by evidence of the Commonwealth."

Once more, however, defendant fails to demonstrate the necessary

deficiency in the warrant.  While "[t]he Fourth Amendment provides

that a search warrant shall issue only upon a showing of probable

cause supported by oath or affirmation," Lebedun, 27 Va. App. at

706, 501 S.E.2d at 431,

> "[t]he task of the issuing magistrate is
> simply to make a 'practical, common-sense
> decision whether, given all the
> circumstances set forth in the affidavit
> before him, including the veracity and the
> basis of knowledge of persons supplying
> hearsay information, there is a fair
> probability that contraband or evidence of a
> crime will be found in a particular place.'
> And the duty of a reviewing court is simply
> to ensure that the magistrate had a
> 'substantial basis for . . . concluding'
> that probable cause existed.
>
> *       *       *       *       *       *       *
>
> [Thus,] an after-the-fact review of a
> magistrate's decision should not be made de
> novo[,] . . . great deference should be
> given to the magistrate's finding of
> probable cause."

Id. (citations omitted) (emphasis added); Code § 19.2-54; see

also Gwinn v. Commonwealth, 16 Va. App. 972, 975, 434 S.E.2d 901,

903 (1993) (magistrate "need only conclude that it would be

-

reasonable to seek the evidence in the place indicated in the affidavit").

Here, Austin's affidavit recited the discovery of "obscene pictures" of defendant during the search of Ms. Baker, a runaway juvenile, immediately following her apprehension at defendant's home. The affidavit further disclosed Baker's contemporaneous explanation that defendant "allowed her to take [the] nude pictures of himself while masturbating, . . . with his camera at his house." The judicial officer had the opportunity to actually view the pictures seized from Baker, including photographs of defendant holding his erect penis and sexually suggestive poses of Baker. We have previously found that exposure of the aroused male genitalia "to others" constituted conduct "'substantially beyond' acceptable community standards" and, therefore, obscene as a matter of law. Copeland v. Commonwealth, 31 Va. App. 512, 515, 525 S.E.2d 9, 10-11 (2000). Thus, when considered in totality, the circumstances clearly gave rise to a "fair probability" that like contraband or evidence of a crime would be found within defendant's residence and justified issuance of the disputed warrant.

Defendant mistakenly relies upon Upton v. Commonwealth, 211 Va. 445, 177 S.E.2d 528 (1970), and Lee Art Theater v. Commonwealth, 210 Va. 315, 170 S.E.2d 769 (1969), to invoke First Amendment jurisprudence as a heightened threshold of probable cause to support the warrant in issue. Here, the

-

actual photographs and attendant circumstances, including an explanation of the images, were before the judicial officer issuing the warrant, providing facts that substantially enhanced the measure of probable cause in support of the warrant.[2]

Accordingly, we find no constitutional or statutory taint to the affidavit, search warrant or related search and affirm the trial court.

Affirmed.

---

[2] For the first time on appeal, defendant also contends the affidavit failed to establish probable cause of an intent to sell "obscene materials" in violation of Code § 18.2-374, the offense referenced in the affidavit and warrant. However, "[t]he Court of Appeals will not consider an argument which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998) (citation omitted); see also Rule 5A:18.

-