# Matter of Cesar Rolando MAYORGA IPINA, Respondent

*Decided June 26, 2025*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The respondent's conviction for indecent exposure in violation of section 18.2-387 of the Virginia Code is for a crime involving moral turpitude because the requirement of an "obscene display or exposure" necessarily involves a lewd intent. *Matter of Cortes Medina*, 26 I&N Dec. 79 (BIA 2013), reaffirmed.

FOR THE RESPONDENT: Pro se

FOR THE DEPARTMENT OF HOMELAND SECURITY: Nicholas J. Bolzman, Assistant Chief Counsel

BEFORE: Board Panel: MULLANE, O'CONNOR, MAHTABFAR, Appellate Immigration Judges.

O'CONNOR, Appellate Immigration Judge:

On June 18, 2020, the Immigration Judge ordered the respondent released from the custody of the Department of Homeland Security ("DHS") upon the payment of a bond.[1] DHS appealed that decision, arguing that the respondent is mandatorily detained based on a conviction for a crime involving moral turpitude. The respondent, through counsel, filed a brief opposing the appeal.[2] The appeal will be sustained.[3]

The respondent, a native and citizen of Guatemala, was convicted in 2017 for indecent exposure in violation of section 18.2-387 of the Virginia Code. He was later detained by DHS and filed a motion for custody redetermination. DHS argued that the respondent was subject to mandatory detention based on his conviction for a crime involving moral turpitude. On

---

[1] On September 1, 2020, the Immigration Judge issued a written bond memorandum supporting the bond order.

[2] On June 4, 2025, we granted Pooja Bhagat, Esquire's motion to withdraw as the respondent's attorney.

[3] The Board previous issued a decision in this matter on May 16, 2025. On June 4, 2025, we issued an interim order reopening the matter and reinstating DHS' appeal.

February 28, 2020, a prior Immigration Judge denied the respondent's request for redetermination of custody. On June 18, 2020, the present Immigration Judge reconsidered sua sponte the prior Immigration Judge's decision and set a bond in the amount of $1,500. The Immigration Judge concluded that the respondent's conviction was not categorically for a crime involving moral turpitude. Specifically, he found that the statute punishes activities that are not for the purpose of arousing lewd or lascivious interest, such as the exposure of a breast for sunbathing, political protest, or an interest in nudism; urinating in a public area; or adjusting one's underwear for comfort. DHS appealed from that decision.[4] We review de novo whether the respondent is subject to mandatory detention. 8 C.F.R. § 1003.1(d)(3)(ii) (2025).

Section 236(c)(1)(A) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226(c)(1)(A) (2018), provides that "any alien who . . . is inadmissible by reason of having committed any offense covered in section 212(a)(2) [of the INA, 8 U.S.C. § 1182(a)(2) (2018)]" is mandatorily detained. Section 212(a)(2)(A)(i)(I) of the INA, 8 U.S.C. § 1182(a)(2)(A)(i)(I), in turn, provides that an alien convicted of a crime involving moral turpitude is inadmissible.

To determine whether an offense is a crime involving moral turpitude, we employ the categorical approach. *Prudencio v. Holder*, 669 F.3d 472, 484 (4th Cir. 2012); *Matter of Silva-Trevino*, 26 I&N Dec. 826, 830 (BIA 2016). In doing so, we focus on whether the elements of the crime, rather than the conduct of the respondent, fit within the generic definition of a crime involving moral turpitude. *See Moncrieffe v. Holder*, 569 U.S. 184, 190 (2013); *Prudencio*, 669 F.3d at 484.

Moral turpitude "generally refers to conduct that is 'inherently base, vile, or depraved, and contrary to the accepted rules of morality and the duties owed between persons or to society in general.'" *Matter of Silva-Trevino*, 26 I&N Dec. at 833 (citation omitted); *accord Matter of Ortega-Lopez*, 26 I&N Dec. 99, 100 (BIA 2013), *rev'd on other grounds*, 834 F.3d 1015 (9th Cir. 2016). "To involve moral turpitude, a crime requires two essential elements: reprehensible conduct and a culpable mental state." *Matter of Silva-Trevino*, 26 I&N Dec. at 834; *accord Matter of Ortega-Lopez*, 26 I&N Dec. at 100. A culpable mental state includes acts that are committed knowingly, intentionally, or with criminal recklessness. *See Sotnikau v. Lynch*, 846 F.3d 731, 736 (4th Cir. 2017). Conduct is reprehensible if it

---

[4] During the pendency of this appeal, the respondent was released from custody.

shocks the conscience and violates a moral norm. *See Mohamed v. Holder*, 769 F.3d 885, 888 (4th Cir. 2014).

Section 18.2-387 provides, in relevant part: "Every person who intentionally makes an obscene display or exposure of his person, or the private parts thereof, in any public place, or in any place where others are present, or procures another to so expose himself, shall be guilty of a Class 1 misdemeanor." Va. Code Ann. § 18.2-387 (West 2017). There is no dispute that a conviction under this statute requires a culpable mental state. However, the Immigration Judge concluded that the statute did not require a lewd intent such that the offense violated a moral norm.

For indecent exposure to constitute a crime involving moral turpitude, "the statute prohibiting the conduct must require not only the willful exposure of private parts but also a lewd intent." *Matter of Cortes Medina*, 26 I&N Dec. 79, 83 (BIA 2013). Although section 18.2-387 of the Virginia Code does not include the word "lewd," it requires an "obscene display or exposure." The Virginia Code defines obscene as:

> [T]hat which, considered as a whole, has as its dominant theme or purpose an appeal to the prurient interest in sex, that is, a shameful or morbid interest in nudity, sexual conduct, sexual excitement, excretory functions or products thereof or sadomasochistic abuse, and which goes substantially beyond customary limits of candor in description or representation of such matters and which, taken as a whole, does not have serious literary, artistic, political or scientific value.

Va. Code Ann. § 18.2-372 (West 2017); *see also Copeland v. Commonwealth*, 525 S.E.2d 9, 10 (Va. Ct. App. 2000) ("To be obscene, conduct must violate contemporary community standards of sexual candor." (citing *House v. Commonwealth*, 169 S.E.2d 572, 576 (Va. 1969))). The Board has previously defined "lewd" in the context of a lewd intent as "obscene or indecent." *Matter of Cortes Medina*, 26 I&N Dec. at 82 (citation omitted). Thus, "lewd" and "obscene" have the same meaning.

We agree with DHS that the Immigration Judge erroneously determined that the minimum conduct proscribed by the respondent's statute of conviction reaches conduct that does not involve moral turpitude. Obscenity is a necessary element for a conviction under section 18.2-387 of the Virginia Code. Absent a finding of obscene conduct, the Immigration Judge's examples of topless sunbathing, urinating in public, and adjusting one's underwear for comfort would not result in a conviction. *See generally Price v. Commonwealth*, 201 S.E.2d 798, 800 (Va. 1974) (stating the "portrayal of nudity is not, as a matter of law, a sufficient basis for a finding

112

that a work is obscene" (citing *House*, 169 S.E.2d at 577)).  Because section 18.2-387 of the Virginia Code explicitly and unequivocally requires an "obscene display or exposure," it encompasses the reprehensible conduct that brings it into the rubric of a crime involving moral turpitude.

Based on the foregoing, we conclude that the respondent's conviction for indecent exposure in violation of section 18.2-387 of the Virginia Code is for a crime involving moral turpitude because the requirement of an "obscene display or exposure" necessarily involves a lewd intent.  The respondent's conviction for a crime involving moral turpitude renders him mandatorily detained under section 236(c)(1)(A) of the INA, 8 U.S.C. § 1226(c)(1)(A).  Therefore, we will sustain the appeal and reverse the Immigration Judge's grant of the respondent's release on bond.

**ORDER:**  DHS' appeal is sustained.

**FURTHER ORDER:**  The Immigration Judge's June 18, 2020, order is vacated.